## ESTATE OF ANNA R. JOHNSON

(230 N.W.2d 236)

(File No. 11545. Opinion filed June 12, 1975)

J. W. Grieves, Winner, for appellant (Executrix of the Estate).

**John Dewell,** Asst. Atty. Gen., Pierre, for respondent (State of South Dakota).

DOYLE, Justice.

The decedent, Anna R. Johnson, died testate on January 9, 1971. In her will, after making several small bequests, she left the bulk of her estate to Marjorie L. Kulbel, an unrelated friend. The will was contested by certain heirs at law of the decedent with the result that a compromise agreement was reached whereby the estate was divided 50% to Marjorie L. Kulbel and 50% in equal shares to the nine contesting heirs at law. The South Dakota Department of Revenue contends, and its contention was sustained in the lower court, that the inheritance tax due the state be computed on the basis of, and in accordance with, the terms of the will of the decedent. On the other hand, the appellant contends the inheritance tax should be computed according to the compromise agreement which, in effect, distributed the estate. The method of computation urged by the appellant would result in a $4,883.35 reduction in inheritance tax assessed against the estate.*

SDCL 10-41-61 provides:

"All inheritance taxes imposed by this code shall take effect and accrue upon the death of the decedent, and shall be due and payable as soon as the amount thereof shall be determined as provided in this chapter."

The authorities are in conflict on the question of the effect of an agreement compromising a will contest and providing for a distribution of the testator's property other than as directed in the will upon state inheritance taxes. The majority view appears to be that in this situation the inheritance tax is computable in accordance with the terms of the will, unaffected by the compromise agreement. In cases taking this position, the courts have reasoned that since a will cannot be changed by an independent agreement entered into after the testator's death,

---

* No disclaimer was filed under SDCL 43-4-30; consequently, we express no opinion on the effect, if any, such a disclaimer would have had on the inheritance tax liability had a disclaimer been filed.

property passing under such an agreement is not, in fact, inherited; thus, such tax is applicable only to property which is inherited. Anno., 36 A.L.R.2d 918. See also, 42 Am.Jur.2d, Inheritance, Etc., Taxes, § 76, p. 283. A statement of similar import is found in 85 C.J.S. Taxation § 1143b, p. 896.

In view of the statute, we are of the opinion that the majority position, above stated, is well taken. Thus, the inheritance tax in this estate is properly levied in accordance with the terms of the last will and testament of the decedent, unaffected by the compromise agreement.

The decision of the district county court is affirmed.

All the Justices concur.