2001 SD 124

In the ESTATE OF Fred W. ZOSS, Deceased, Prairie Home Cemetery Association of Butler Township, a/k/a Butler Cemetery Association, Plaintiff and Appellant,

v.

SOUTH DAKOTA DEPARTMENT OF REVENUE and Sanborn County, Defendants and Appellee.

No. 21742.

Supreme Court of South Dakota.

Argued Aug. 29, 2001.

Decided Oct. 17, 2001.

Bradley G. Zell and Christopher C. Moen, Miller, for plaintiff and appellant.

Allen J. Eide, Pierre, for defendant and appellee Department of Revenue.

WILBUR, Circuit Judge.

[¶ 1.]  Prairie Home Cemetery Association of Butler Township, a/k/a Butler Cemetery Association [Prairie Home], received a gift of personal property from the estate of Fred Zoss. Department of Revenue [Department] assessed inheritance tax which Prairie Home paid under protest.  The

circuit court denied Prairie Home's application for an exemption from the tax. Prairie Home appeals and we affirm.

## FACTS

[¶ 2.] The parties stipulated to the following pertinent facts:

[¶ 3.] Since 1899 Prairie Home has operated as a nonprofit cemetery, selling plots and conducting burials. Fred Zoss, a Sanborn County resident, died on or about August 2, 1996. By and through his living trust, Zoss gave Prairie Home a gift of personal property valued at $551,764.71. Prairie Home prepared an inheritance tax report and indicated that, due to its tax-exempt status, no inheritance tax was owing.

[¶ 4.] Subsequently, the Department inquired into Prairie Home's Internal Revenue Service [IRS] exemption status. Prairie Home was unable to locate documents verifying its exemption status. On April 28, 1998, Prairie Home's attorney[1] drafted and filed new documents re-creating the cemetery association. Prairie Home then requested tax-exempt status from the IRS, which issued an exemption letter on May 27, 1999. The letter recognized the cemetery as exempt under § 501(c)(13) of the Internal Revenue Code.

[¶ 5.] On June 7, 1999, the Department assessed inheritance tax in the amount of $153,673.41 on Zoss's gift to Prairie Home. Prairie Home paid the tax under protest and appealed the Department's decision to the circuit court.[2] The circuit court denied the request for a refund and dismissed the complaint, holding that Prairie Home was not an organization entitled to tax exemption under South Dakota law. Prairie

1. This attorney is not Prairie Home's appellate counsel.

2. The defendants in this case are the Department and Sanborn County. Sanborn County

Home's motion for a new trial was denied. This appeal followed.

## STANDARD OF REVIEW

[¶ 6.] This Court interprets statutes under a de novo standard of review; no deference is given to the decision of the trial court. *In re Estate of Karnen*, 2000 SD 32, ¶ 7, 607 N.W.2d 32, 35.

[¶ 7.] In addition, statutes exempting property from taxation should be strictly construed in favor of the taxing power. *Robinson & Muenster Assoc., Inc., v. South Dakota Dep't of Revenue*, 1999 SD 132, ¶ 7, 601 N.W.2d 610, 612. "The words in such statutes should be given a reasonable, natural, and practical meaning to effectuate the purpose of the statute." *Id.*

## DECISION

### ISSUE ONE

[¶ 8.] **Prairie Home is not entitled to an exemption from inheritance tax under SDCL 10-4-9.2.**

[¶ 9.] SDCL 10-40-23(2) exempts from inheritance tax transfers to a "charitable, benevolent or religious society or institution or foundation as defined in §§ 10-4-9 to 10-4-9.3, inclusive." Examination of SDCL 10-4-9, 10-4-9.1 and 10-4-9.3 reveals that those sections are inapplicable here. SDCL 10-4-9.2 is the only provision that may permit Prairie Home to qualify for the SDCL 10-40-23(2) exemption. SDCL 10-4-9.2 provides:

Property owned by a benevolent organization and used exclusively for benevolent purposes is exempt from taxation.

is a defendant because it received 10% of the inheritance tax collected by the Department pursuant to SDCL 10-41-67.

A benevolent organization is any lodge, patriotic organization, memorial association, educational association, cemetery association or similar association. A benevolent organization must be nonprofit and recognized as an exempt organization under sections 501(c)(3), 501(c)(7), 501(c)(8), 501(c)(10) or 501(c)(19) of the United States Internal Revenue Code of 1986, as amended, and in effect on January 1, 1992. However, if any such property consists of improved or unimproved property located within a municipality not occupied or directly used in carrying out the primary objective of the benevolent organization owning the same, such property shall be taxed the same as other property of the same class is taxed. However, if any such property consists of agricultural land, such property shall be taxed the same as other property of the same class is taxed. For the purposes of this section, an educational association is a group of accredited elementary, secondary or postsecondary schools. For the purposes of this section, a benevolent organization also includes a congressionally chartered veterans organization which is nonprofit and recognized as an exempt organization under section 501(c)(4) of the United States Internal Revenue Code of 1986, as amended, and in effect on January 1, 1992.

For purposes of this section, benevolent purpose means an activity that serves the poor, distressed or underprivileged, promotes the physical or mental welfare of youths or disadvantaged individuals, or relieves a government burden.

(emphasis added). Therefore, to be exempt from taxation under SDCL 10–4–9.2, Prairie Home must, at the time of the decedent's death,[3] (1) be a cemetery association; (2) be nonprofit; and (3) be recognized as an exempt organization under sections 501(c)(3), 501(c)(7), 501(c)(8), 501(c)(10) or 501(c)(19) of the United States Internal Revenue Code (IRC).

[¶ 10.] On the date of Zoss's death, August 2, 1996, Prairie Home did not exist except as an informal nonprofit cemetery association. It was officially created on April 28, 1998. In addition, Prairie Home did not obtain exemption status under IRC § 501(c)(13) from the IRS until May 27, 1999.

■ [¶ 11.] The circuit court ruled that Prairie Home was not entitled to an exemption from South Dakota's inheritance tax because its IRC designation (§ 501(c)(13)) was not included in SDCL 10–4–9.2. Prairie Home argues that either the Legislature erred in omitting this IRC section or the statute must be construed to read "cemetery association" as analogous with "cemetery corporation." However, this question need not be reached because the circuit court failed to address the fact that inheritance tax is calculated as of the date of death. *In re Estate of Johnson*, 89 S.D. 149, 230 N.W.2d 236 (1975). As previously noted, Prairie Home did not exist as a recognized cemetery association on the date of Zoss's death, therefore, it could not qualify as exempt from inheritance taxes under the first criteria of SDCL 10–4–9.2. In addition, although Prairie Home had been informally in existence for 100 years, at the time of Zoss's death, it had no IRS tax-exempt recognition under any subdivision of § 501(c). Therefore, it could not meet the third criteria of SDCL 10–4–9.2. When Zoss died and inheritance tax on his gift to Prairie Home accrued, Prairie Home could only meet the second criteria of the statute, i.e. that it was nonprofit. This was insufficient to be exempted from South Dakota's inheritance tax.

3. SDCL 10–41–61, in relevant part, provides that "[a]ll inheritance taxes imposed by this code shall take effect and accrue upon the death of the decedent...."

[¶ 12.] We have consistently held that "if the circuit court reaches the right conclusion for the wrong reason, we will nonetheless affirm." *In re Estate of Perry*, 1998 SD 85, ¶ 29, 582 N.W.2d 29, 35 (citations omitted). We affirm the circuit court on this issue.

[¶ 13.] We need not reach the additional arguments submitted by Prairie Home to decide this appeal.

[¶ 14.] Judgment is affirmed.

[¶ 15.] SABERS, Acting Chief Justice, and AMUNDSON, KONENKAMP, and GILBERTSON, Justices, concur. MILLER, Retired Chief Justice, was a member of the Court at the time this action was submitted, but was disqualified and did not participate.

[¶ 16.] WILBUR, Circuit Judge, sitting for MILLER, Retired Chief Justice, disqualified.